1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8                             DISTRICT OF NEVADA
9                                   * * *
10   RONALD EUGENE MIDBY,                │ Case No. 2:12-cv-00695-MMD-CWH
11                          Petitioner,  │           ORDER
12        v.                            │
13   BRIAN E. WILLIAMS, SR.,            │
14                         Respondents.  │
15
16        This habeas matter comes before the Court on respondents' motion to dismiss
17   the petition as unexhausted and/or for failure to state a claim upon which relief may be
18   granted (dkt. No. 4).
19   I.    BACKGROUND
20        As discussed further herein, petitioner Ronald Eugene Midby alleges, *inter alia*,
21   that the Nevada state statute permitting the manner in which his multiple sentences are
22   being applied is unconstitutionally ambiguous and vague in violation of his right to due
23   process of law under the Fifth and Fourteenth Amendments.
24        Midby has been convicted and sentenced as a habitual criminal in the Nevada
25   state district court, pursuant to a guilty plea in each case, in four different cases, in Case
26   Nos. C252014, C247828, C254735, and C261607.
27        In No. C252014, petitioner was sentenced on April 30, 2009, to 5 to 20 years,
28   with 97 days credit for time served, for a sentence start date of January 23, 2009.  This

1    sentence followed upon a conviction for battery with use of a deadly weapon and

2    adjudication under the "small" habitual criminal statute.

3        In No. C247828, he was sentenced on May 7, 2009, to 5 to 20 years, to run

4    consecutive to his sentence in No. C252014, with 22 days credit for time served.  This

5    sentence followed upon a conviction for burglary and adjudication under the "small"

6    habitual criminal statute.

7        In No. C254735, he was sentenced on January 6, 2010, to 10 to 25 years, to run

8    concurrent with his sentences in Nos. C252014 and C247828, with no credit for time

9    served.  This sentence followed upon a conviction for burglary and adjudication under

10   the "large" habitual criminal statute.

11       In No. C261607, he was sentenced on February 17, 2010, to 10 to 25 years, to

12   run concurrent with his sentences in the other three cases, with no credit for time

13   served.  This sentence followed upon a conviction for the felony of evading a police

14   officer and adjudication under the "large" habitual criminal statute.

15       Petitioner thereafter filed a state post-conviction petition in No. C247828.  In the

16   state petition, as amended, Midby presented two grounds.

17       In state Ground 1, petitioner alleged, *inter alia*, that N.R.S. 176.035 allowed a

18   conflict in his multiple sentence structure for parole eligibility purposes and therefore is

19   unconstitutionally ambiguous and vague in violation of his right to due process of law

20   under the Fifth and Fourteenth Amendments.

21       Midby attached a copy of his Offender Detail record from the Nevada Offender

22   Tracking Information System (NOTIS) maintained by the Nevada Department of

23   Corrections (NDOC).  The NOTIS printout appears to reflect that one 5 to 20 year

24   sentence and two 10 to 25 year sentences then were active, with one 5 to 20 year

25   sentence pending.[1]

26   ///

27

28       [1]See Dkt. no. 5, Ex.68, Ex. 5 thereto (at electronic docketing page 27).

2

1    Petitioner alleged that "NDOC is calculating Midby's 5-20 year sentence in the

2    instant case (C247828) as a consecutive sentence and case to the" other three

3    sentences.   He maintained that "[t]hese circumstances conflict with Midby's overall

4    sentence structure as established by the respective judges and work to Midby's extreme

5    detriment in violation of his 5th and 14th Amendment rights to due process."   According

6    to petitioner, "[t]hough it is clear from Midby's overall sentencing circumstances that

7    Midby's two 10-25 year sentences were to run concurrent with his two 5-20 year

8    sentences, the existing flaws in NRS 176.035 creates a major conflict that precludes

9    them from doing so in contravention of Midby's judgment of convictions in cases

10   C254735 and C261607 [i.e., the two cases with the 10 to 25 year sentences]."[2]

11   According to Midby, under the combined operation of the judgments of

12   conviction, the two 5 to 20 year sentences should be aggregated to form a single

13   sentence of 10 to 40 years, such that, along with the concurrent 10 to 25 year

14   sentences, "NDOC would have been bound by law to calculate Midby's overall sentence

15   structure as a single 10-40 year sentence, thereby making him eligible for parole back

16   to the community in 10 years."[3]

17   Under Midby's perception of the operation of the combined sentences as applied

18   by NDOC, he instead would not be eligible for a parole outside an institution until after a

19   minimum 15 years — because the 5 to 20 year sentence in No. C247838 would not

20   begin running unless and until he was paroled from the two concurrent 10 to 25 year

21   sentences.   That is, he understood the NOTIS printout to reflect that the 5 to 20 year

22   sentence in No. C247828 in effect ran consecutive to the two 10 to 25 year sentences

23   rather than to the 5 to 20 year sentence in No. C252014.[4]

24   Against this backdrop, petitioner contended that N.R.S. 176.035(1) is vague,

25   ambiguous, and fatally flawed in violation of his right to due process.   He alleged that

26   _____

27   [2]Dkt. no. 5, Ex. 68, at 8-9.

     [3]Id., at 10.

28   [4]Id., at 10-11.

the statute is unconstitutionally flawed because it gives each individual sentencing judge the discretion to impose sentences concurrently or consecutively "but does not contemplate the occasional need for aggregate sentences" and "causes major conflict as to how consecutive and multiple concurrent sentences from multiple cases are to be accurately calculated for both parole eligibility and sentence expiration purposes."[5]

In state Ground 2, petitioner alleged, *inter alia*, that he was denied due process of law in violation of the Fifth and Fourteenth Amendments because the state district court "lacked jurisdiction" to run the sentence in No. C247828 consecutive to other sentences.  He contended that N.R.S. 176.035(1) allowed the imposition of consecutive sentences only as to sentences imposed in a single case.  He further alleged that the statute is "[a]t best . . . unclear on the issue, making it vague and ambiguous in violation of the 14th Amendment."[6]

The state district court denied the petition, and the Supreme Court of Nevada affirmed.  The Nevada Supreme Court held in pertinent part as follows:

> In his petition, appellant claimed that NRS 176.035 was vague and ambiguous because it allowed for the imposition of consecutive sentences in multiple judgments of conviction and that the district court lacked jurisdiction to run the sentence in the instant case consecutively to another district court case.[FN2] These claims fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea.[FN3]  NRS 34.810(1)(a).  Moreover, as a separate and independent ground to deny relief, we conclude that appellant's claims lacked merit. NRS 176.035 is not impermissibly vague or ambiguous in granting authority to a district court judge to impose a subsequent sentence to be served consecutively to a sentence previously imposed, and nothing in NRS 176.035 limits its application to sentences within a single judgment of conviction.[FN4]
>
> [FN2] . . . .
>
> [FN3]  To the extent that appellant challenged the Nevada Department of Corrections' structuring of his sentences, a challenge to the computation of time served may not be raised in a post-conviction petition for a writ of habeas corpus that also challenges the validity of the judgment of conviction and sentence. NRS 34.738(3).  Thus, any

---

[5]Dkt. no. 5, Ex. 68, at 9-10.

[6]*Id.*, at 13-14.

challenge to the computation of time served was properly dismissed without prejudice for appellant to renew in a separately-filed petition.

[FN4]    Any confusion in the sentence structure is engendered by NRS 213.1213, which provides instruction for how to determine the controlling sentence for parole eligibility when multiple concurrent sentences have been imposed. However, any issues arising from the application of NRS 213.1213 to appellant's four judgments of conviction involves a computation of time served and cannot be litigated in the instant petition. NRS 34.738(3).

Dkt. no. 5, Ex. 90, at 1-2.

The allegations of Midby's federal petition track the allegations of his state petition nearly verbatim as to the material allegations outlined previously herein.

## II.    GOVERNING LAW

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts.  To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based.  *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.  *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Under *Rose v. Lundy*, 455 U.S. 509 (1982), a petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

1

**III.  DISCUSSION**

2

Respondents begin with the following premise: "At issue in both of the claims set

3

forth within the petition . . . is whether the Nevada Department of Corrections is properly

4

calculating his sentences."[7]  From this premise, respondents contend that the claims in

5

the federal petition are unexhausted because the Supreme Court of Nevada expressly

6

held, in note 2 of its order, that a challenge to NDOC's structuring of the sentences

7

constituted a challenge to the computation of the time served that could not be raised in

8

a post-conviction petition that also challenged the validity of the judgment of conviction

9

and sentence.[8]

10

The Court is not persuaded.

11

First, petitioner is not merely challenging the proper calculation of his sentences.

12

He instead is claiming that the governing state statute is unconstitutionally vague and

13

ambiguous.

14

Second, regardless of whether or not the state supreme court was of the view

15

that the federal claims were not then cognizable, for one reason or another,[9] in the

16

petition then presented, the court nonetheless ruled on their merits.  The state supreme

17

court stated in pertinent part in this regard:

18
19
20
21
22
23

> In his petition, appellant claimed that NRS 176.035 was vague and
> ambiguous because it allowed for the imposition of consecutive sentences
> in multiple judgments of conviction and that the district court lacked
> jurisdiction to run the sentence in the instant case consecutively to another
> district court case.   These claims fell outside the scope of claims
> permissible in a post-conviction petition for a writ of habeas corpus
> challenging a judgment of conviction based upon a guilty plea.   NRS
> 34.810(1)(a).   *Moreover, as a separate and independent ground to deny
> relief, we conclude that appellant's claims lacked merit. NRS 176.035 is
> not impermissibly vague or ambiguous in granting authority to a district
> court judge to impose a subsequent sentence to be served consecutively*

24
25

_____

[7]Dkt. no. 4, at 2.

26

[8]*Id.*

27
28

[9]The state supreme court construed the state petition as also presenting a claim
that trial counsel was ineffective for failing to advise him he had a right to appeal.  Dkt.
no. 5, Ex. 90, at 3.  Such a claim at the very least does not appear in the two claims in
the state petition as amended.  See dkt. no. 5, Ex. 68.

1
2
*to a sentence previously imposed, and nothing in NRS 176.035 limits its application to sentences within a single judgment of conviction.*

3   Dkt. no. 5, Ex. 90, at 1-2 (emphasis added)(footnote omitted).

4   When a state court rules on the merits of a federal constitutional claim the claim
5   is exhausted.  *See, e.g., Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), *cert.*
6   *denied*, 133 S.Ct. 424 (2012).  The state supreme court's qualification that it decided the
7   merits "as a separate and independent ground to deny relief" is of no import in this
8   context.   That phrase carries significance when a state court holds that a claim is
9   procedurally defaulted but also addresses the merits in the alternative.   In such a
10  procedural setting, the state court's procedural default holding does not cease to
11  constitute an independent and adequate state law ground for purposes of the
12  procedural default doctrine merely because the court also ruled in the alternative on the
13  merits.  *See, e.g., Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000).   In this
14  case, the Supreme Court of Nevada did not hold that the claims were procedurally
15  defaulted; the court instead held that the claims were of a nature that should be pursued
16  in a different proceeding.   When it nonetheless also rejected the claims on the merits, it
17  exhausted the claims.  *Ybarra, supra*.[10]

18  Accordingly, the claims in the federal petition are exhausted.

19  The Court further is not persuaded by respondents' additional contention that the
20  claims fail to state a claim upon which relief may be granted because they allege only
21  state law error turning on a construction of state law.   Petitioner quite clearly presented
22  federal constitutional claims alleging, *inter alia*, a denial of due process of law from the
23  application of allegedly vague and ambiguous state statutes.   Those claims may or may
24  ///

25

26  [10]Respondents further have waived any procedural default defense in this case
27  by not raising the defense in the single, consolidated motion to dismiss pursuant to the
    scheduling order.  *See* dkt. no. 2, at 2. *See also Morrison v. Mahoney*, 399 F.3d 1042,
    1046 (9th Cir. 2005) ("*Unless a court has ordered otherwise*, separate motions to
28  dismiss may be filed asserting different affirmative defenses.") (emphasis added).

not have merit when considered under 28 U.S.C. § 2254(d)(1).  But they clearly are federal claims.

IT IS THEREFORE ORDERED that respondents' motion (dkt. no. 4) to dismiss is DENIED.

IT IS FURTHER ORDERED that respondents shall file an answer responding to the merits of the claims presented within thirty (30) days of entry of this order and that petitioner may file a reply to the answer within thirty (30) days of service of the answer.

DATED THIS 27th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE