# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD EUGENE MIDBY,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    *Respondents*.

2:12-cv-00695-APG-CWH

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#11) for enlargement of time and on petitioner's motion (#13) for appointment of counsel.

    The requested extension will be granted, following upon the reassignment of the case to counsel.

    On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

At the outset, petitioner has not even attempted to demonstrate that he is financially eligible for appointment of counsel. Petitioner paid the filing fee; and the Court has not been presented with, much less granted, a pauper application in this matter. Where a pauper application has not been granted, the Court generally requires a petitioner to present the same supporting financial materials required for an inmate pauper application to demonstrate financial eligibility for appointment of counsel. That is, the Court requires that the petitioner submit a financial certificate executed by an authorized institutional officer and a statement of the petitioner's inmate trust account for the preceding six months. Petitioner's motion instead proceeds only on the bare assumption that he is financially eligible for appointment of counsel. The mere fact that a petitioner is incarcerated does not necessarily establish that he does not have sufficient funds available to him to retain counsel on his own.

In all events, even assuming *arguendo* that petitioner is financially eligible, the Court does not find that the interests of justice require that counsel be appointed. The two grounds presented in the petition are not exceedingly complex, and petitioner has demonstrated an adequate ability to articulate his position *pro se*. Petitioner further already has successfully defended a motion to dismiss brought by respondents alleging lack of exhaustion. The Court can see no sound reason now over a year into the federal action to essentially stop the ongoing proceedings for a prolonged period for counsel to be appointed and then get up to speed on the issues presented. The time necessary for a habeas petitioner's counsel to investigate and prepare a counseled amended petition does not necessarily correlate to the time necessary for an attorney to respond to a petition once filed. Nothing in the federal or state proceedings to date leads the Court to believe that petitioner hereafter will be unable to continue to adequately articulate his position as he has been doing in state and federal court. While almost any lay litigant would be better served by the appointment of counsel, that is not the standard for appointment. The motion therefore will be denied.

IT THEREFORE IS ORDERED that respondents' motion (#11) for enlargement of time is GRANTED, and the time for respondents to file an answer to the petition is extended up to and including June 10, 2013.

IT FURTHER IS ORDERED that petitioner's motion (#13) for appointment of counsel is DENIED.

DATED: May 17, 2013.

_____
ANDREW P. GORDON
United States District Judge