UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD EUGENE MIDBY, | Case No. 2:12-cv-00695-RFB-CWH |
| Petitioner, | |
| vs. | ORDER |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This is pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 if before the court for final disposition on the merits (ECF No. 1). Respondents have answered (ECF No. 15), and petitioner replied (ECF No. 16).

**I. Procedural History and Background**

On February 25, 2009, petitioner Ronald Eugene Midby ("Midby") entered into a guilty plea agreement to plead guilty to one count of burglary in this case (Case No. C247828) and one count of battery with the use of a deadly weapon in state Case No. C252014 (exhibits to respondents' motion to dismiss, ECF No. 4, exhibit 18).[1] Midby and the State stipulated to small habitual criminal treatment in both cases with a five to twenty year sentence in each. The State retained the right to argue for either consecutive or concurrent sentences and agreed not to oppose the dismissal of a pending justice court case. *Id*. On May 7, 2009, that state district court sentenced Midby in this case to five to twenty years

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 4 and are found at ECF No. 5.

to run consecutively to his sentence in Case No. 252014, which was also a five to twenty-year sentence. Exh. 20. Judgment of conviction was filed on May 12, 2009. Exh. 21. Midby did not appeal his conviction. Exh. 89 at 2.

Midby filed a state postconviction petition, and on January 12, 2011, he filed an amended state postconviction petition. Exh. 68. On February 8, 2012, the Nevada Supreme Court affirmed the denial of the state petition, denied rehearing on April 11, 2012, and remittitur issued on May 8, 2012. Exhs. 90, 93, 95.

On March 23, 2012, Midby dispatched his petition for writ of habeas corpus to this court (ECF No. 1). Respondents have answered the two grounds (ECF No. 15).

**II. Legal Standard under the Antiterrorism and Effective Death Penalty Act**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398 (2011)

(describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. E.g., *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless

rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**III. Instant Petition**

Over about a ten-month period, Midby was sentenced in four cases in Clark County, Nevada (ECF No. 1, pp. 3-4). The state district court sentenced him in April 2009, in Case No. C252014 to five to twenty years. In May 2009, he was sentenced in Case No. C247828–the judgment of conviction he challenges in this petition–to five to twenty years, to run consecutively to C252014. In January 2010, the state district court sentenced him in C254735 to ten to twenty-five years, to run concurrently with the first two terms. Finally, in February 2010, Midby was sentenced to ten to twenty-five years in Case No. C261607, to run concurrently with the first three cases. *Id*.

Petitioner contends that because NRS 176.035 is unconstitutionally vague and ambiguous, the Nevada Department of Corrections ("NDOC") is incorrectly calculating that he is currently serving only his sentences in Case Nos. C252014, C254735 and C261607 right now. Midby will then have to serve his five to twenty term in this case–Case No. 247828 after the expiration of the other three. Thus, his aggregate sentence will be fifteen to forty-five years instead of what he claims the state district courts intended to impose, which was an aggregate sentence of ten to forty years. Midby argues this contravenes his judgments of conviction.

**A. Arguments in Grounds 1 and 2**

Petitioner argues in ground 1 that NRS 176.035 is vague and ambiguous in violation of his Fifth and Fourteenth Amendment due process rights (ECF No. 1, pp. 3-9). Midby asserts in ground 2 that the state district court lacked jurisdiction to run his sentence in this case–Case No. 247828–consecutively to Case No. 252014 because the statute only applies to sentences within a single judgment of conviction (ECF No. 1, p. 12). Thus, he asserts that the sentence in this case also violates his Fifth and Fourteenth Amendment due process rights (ECF No. 1, pp. 11-13).

NRS 176.035 provides that

> whenever a person is convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may provide

> that the sentences subsequently pronounced run either concurrently or consecutively with the sentence first imposed . . . . if the court makes no order with reference thereto, all such subsequent sentences run concurrently.

The Nevada Supreme Court held first that the statute is not impermissibly vague or ambiguous in granting authority to a district court judge to impose a subsequent sentence to be served consecutively to a sentence previously imposed. Exh. 90. Second, the state supreme court held that nothing in the statute limits its application to sentences within a single judgment of conviction. *Id*.

Midby merely asserts, in a conclusory fashion, that the Nevada Supreme Court's adjudication of his claims resulted in a decision contrary to, or involves an unreasonable application of, clearly established United States Supreme Court law (ECF No. 1, p. 9). He cites two United States Supreme Court decisions, neither of which relate to his claims. In *Blakely v. Washington*, 542 U.S. 296, 304 (2001) the Court held that because the facts that supported the increased sentence the court imposed were neither admitted by the petitioner pursuant to his guilty plea nor found by a jury, the sentence violated the Sixth Amendment right to a jury trial. In *U.S. v. Booker*, 543 U.S. 220 (2005), the Court applied *Blakely* to the Federal Sentencing Guidelines. Moreover, respondents are correct that petitioner presents only state-law claims; the Nevada Supreme Court's interpretation of Nevada laws or rules provides no basis for federal habeas corpus relief. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Burkey v. Deeds*, 824 F.Supp. 190, 191 (D. Nev. 1993); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994) (concluding, where Nevada prisoner challenged state trial court imposition of consecutive sentences without explanation, "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus"). Midby has presented no argument or case law to demonstrate that habeas relief is warranted pursuant to 28 U.S.C. 2254(d). Accordingly, the court determines that the petition is not supported by the law, and that federal habeas relief shall be denied.

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

**IT IS FURTHER ORDERED** that petitioner's motion for status check (ECF No. 22) is **DENIED** as moot.

Dated this 5th day of February, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE